IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-693-FL

| | |
|---|---|
| CLAUDIA D. ELLIOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| LARRY ROLLINS, Sheriff of Harnett ) | |
| County, and CINCINNATI INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on defendants' motion for summary judgment (DE 21). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb entered a memorandum and recommendation ("M&R") wherein it is recommended that defendants' motion be granted in part and denied in part (DE 32). For the following reasons, the court adopts the recommendation of the magistrate judge.

## BACKGROUND

The court references the detailed background in the M&R, and briefly summarizes further as follows. Plaintiff brought this action asserting federal claims pursuant to the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq. for interference and retaliation, as well as state law claims for negligent infliction of emotional distress and for recovery on a surety bond pursuant to N.C. Gen. Stat. § 58-76-5. Plaintiff is a former detention officer for the Harnett County Sheriff's Office, whose employment was terminated by defendant Rollins on November 1, 2010. At that time, plaintiff was on leave for her pregnancy and miscarriage, which had prevented her from performing

her job as a detention officer since September 2010. In the M&R, it is recommended that summary judgment on plaintiff's FMLA claims be denied and summary judgment on plaintiff's state law claims be granted.

## DISCUSSION

A.  Standard of Review

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.  Objections

1.  Defendants' Objection to FMLA Analysis

Defendants contend that they are entitled to summary judgment on plaintiff's FMLA claims, relying heavily upon North Carolina's requirements for producing documents relating to an employee's termination, and the contention that sheriffs generally do not provide detailed reasons for terminating employees. Thus, defendants contend, there was no inconsistent or missing explanation for plaintiff's termination from employment that creates a genuine issue of material fact preventing summary judgment. These documents, however, are just part of the evidence relied upon

2

by plaintiff to allege that defendant Rollins's proffered reason for her termination was not his actual reason. See M&R 20-21, 23-24. The argument as to how these documents were prepared, in accordance with North Carolina law or the practice of sheriffs generally, does not undermine the thoughtful analysis in the M&R as to the evidence surrounding plaintiff's termination. Therefore, defendants objection is overruled, and the court adopts the analysis in the M&R as to plaintiff's FMLA claims.

    2.    Plaintiff's Objection to State Law Analysis[1]

Plaintiff's objection focuses on the M&R's reasoning that "the dismissal of all state law claims necessitates the dismissal of a statutory bond claim." M&R 28. Plaintiff asserts that, on the contrary, a "bond claim is a statutory claim *in addition* to and *independent* from any common law claim." Pl.'s Obj. 3.

> Every person injured by the neglect, misconduct, or misbehavior in office of any . . . sheriff . . . may institute a suit or suits against [the sheriff] and the sureties on the [sheriff's] official bond shall be liable to the person injured for all acts done by said [sheriff] by virtue or under color of that [sheriff's] office.

N.C. Gen. Stat. § 58-76-5. "Under this law, conduct for which the [sheriff] might otherwise have been only personally liable would render both [the sheriff] and [his] surety liable on the official bond." Dunn v. Swanson, 7 S.E.2d 563, 564-65 (N.C. 1940). Thus, this statute demonstrates legislative intent to abrogate common law immunity. See id.; Slade v. Vernon, 429 S.E.2d 744, 746 (N.C. App. 1993). However, as noted in the M&R, plaintiff does not survive summary judgment

---

[1] Plaintiff also makes certain factual objections relating to her FMLA claims, seeking for the court to consider more favorable facts than were considered in the M&R. Where the court finds sufficient facts in the M&R to deny summary judgment for defendants as to plaintiff's FMLA claims, it need not consider these additional factual allegations. Plaintiff does not specifically object to the M&R's recommendation that her NIED claim be dismissed. Thus, the magistrate judge's conclusion as to that claim is adopted, and plaintiff's NIED claim is dismissed.

3

Case 5:11-cv-00693-FL   Document 37   Filed 09/30/13   Page 3 of 5

on a common law tort claim, it follows that plaintiff's statutory bond claim must also fail. M&R 28.

In this case, plaintiff objects to the finding in the M&R that there was no alleged negligent conduct on the part of defendant Rollins which could form the basis for plaintiff's state statutory bond claim. Plaintiff argues that defendant Rollins negligently interfered with her FMLA rights, and thus argues that she was "injured by the neglect" of defendant Rollins while he was acting under color of law. See N.C. Gen. Stat. § 58-76-5. North Carolina courts have recognized that the bond action is in place to allow a claim where common law torts would otherwise be precluded because of immunity. See, e.g., Slade, 429 S.E.2d at 746. Therefore, part of the requirement of proving a bond claim is to show that tortious conduct resulted in injury. See M&R 28. Although creative, plaintiff's attempt to ground her state bond claim in a federal statute is unprecedented. Thus the court adopts the recommendation in the M&R, and dismisses this claim.

## CONCLUSION

Upon *de novo* review of those portions of the M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the recommendation of the magistrate judge (DE 32), and GRANTS in part and DENIES in part defendants' motion for summary judgment (DE 21). Plaintiff's state law claims of negligent infliction of emotional distress and for statutory bond recovery are dismissed, but plaintiff's claims for interference and retaliation pursuant to FMLA remain for trial.

In accordance with its previous orders, and having disposed of all pending dispositive motions in this case, this case is specially set for a jury trial beginning **January 13, 2014**, at the United States Courthouse, New Bern, North Carolina. The parties shall refer to the court's case

4

management order entered March 14, 2012, for further terms and deadlines as to pre-trial and trial matters.[2] If good cause exists why the case cannot proceed to trial January 13, 2014, motion shall be made within fourteen (14) days hereof, also stating the position of the opposing party.

SO ORDERED, this the 27th day of September, 2013.

*[signature]*
LOUISE W. FLANAGAN
United States District Judge

---

[2] Where both sides have benefit of the issues framed in this litigation, the parties are encouraged to engage in dialogue aimed at resolving their differences, which dialogue may be aided by a professional mediator or other form of ADR, in advance of final pre-trial conference, which conference date shall occur approximately two weeks prior to trial, and will be noticed separately by the clerk.