THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-693-FL

| | |
|---|---|
| CLAUDIA D. ELLIOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| LARRY ROLLINS, Sheriff of Harnett ) | |
| County, and CINCINNATI INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

This matter, where plaintiff's claim for interference with rights under the Family and Medical Leave Act, 29 U.S.C. §§ 2601, *et seq.* ("FMLA"), comes now for trial commencing May 19, 2014,[1] is before the court on remaining motions in limine,[2] after final pretrial conference and hearing held April 23, 2014. (DE 50, 55). Numerous evidentiary issues were decided by the court in rulings from the bench. These remaining ones were taken under advisement, where plaintiff moves to exclude evidence related to her failure to return rental property and her underlying dispute with the rental company, and defendant[3] moves to exclude evidence relating to the oaths of office and criminal convictions of certain sheriff's office employees. For the reasons that follow, the court denies plaintiff's motion, and grants in part and denies in part defendant's motion.

---

[1] The Clerk of Court will consult with the court and then contact the parties at a date closer to trial to alert them to progress of the then ongoing civil trial specially set to commence May 7, 2014, and whether status of that trial may have bearing on the start date of trial in the instant case.

[2] The court has also taken plaintiff's motion in limine with respect to the testimony of Julia Lohman (DE 48) under advisement, for consideration at trial, if necessary.

[3] Plaintiff originally brought a claim against Cincinnati Insurance Company also. The claim against this defendant was dismissed on summary judgment. Therefore, references in this order to "defendant" are to defendant Larry Rollins.

**COURT'S DISCUSSION**

A.        Plaintiff's Motion in Limine

Plaintiff's motion concerns the admissibility of a criminal summons issued against plaintiff on March 23, 2009, for failing to return rental property. At the time, plaintiff was still employed by the sheriff's office. Plaintiff asserts that evidence regarding her criminal summons, along with evidence concerning the underlying dispute with a rental company, should be excluded because it is irrelevant to the case under Rule 401 of the Federal Rules of Evidence, and because it would confuse and prejudice the jury under Rule 403.

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. The "basic standard of relevance . . . is a liberal one." Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 587 (1993). Irrelevant evidence is not admissible. Fed. R. Evid. 402. Under Rule 403, the court must ensure that the probative value of any proffered evidence is not "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "Because the evidence sought to be excluded under Rule 403 is concededly probative, the balance under Rule 403 should be struck in favor of admissibility, and evidence should be excluded only sparingly." United States v. Aramony, 88 F.3d 1369, 1378 (4th Cir. 1996).

Here, defendant asserts that the evidence is relevant to an "after-acquired evidence" defense. Such a defense arises in the context of an employment discrimination suit when an employer "has acquired evidence since the time of that action that, had it known it at the time, would have led it to do exactly what it did, except for a legitimate reason rather than an illegal one." Russell v.

2

Microdyne Corp., 65 F.3d 1229, 1237 (4th Cir. 1995); see McKennon v. Nashville Banner Publ'g. Co., 513 U.S. 352 (1995). In such cases, an employer "must first establish that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge." McKennon, 513 U.S. at 362-63. The after-acquired evidence defense functions to "limit the relief available" to plaintiffs in employment actions. Russell, 65 F.3d at 1238. "As a general rule in cases of this type, neither reinstatement nor front pay is an appropriate remedy." McKennon, 513 U.S. at 361-62. The doctrine applies to cases under the FMLA. See Miller v. AT & T Corp., 250 F.3d 820, 837 (4th Cir. 2001).

In light of defendant's assertion of the defense here, the evidence is relevant under Rule 401 as it makes it more probable that defendant would have terminated plaintiff had he known of the criminal summons and underlying dispute, and therefore may operate to limit available relief. Furthermore, the risk of any confusion or undue prejudice may be mitigated through a limiting instruction. Deans v. CSX Transp., Inc., 216 F.3d 398, 401 (4th Cir. 2000) ("The district court alleviated any prejudice or confusion that might have occurred from the introduction of this testimony with a limiting instruction."); Aramony, 88 F.3d at 1378 ("[T]he unfair prejudicial value of evidence can be generally obviated by a cautionary or limiting instruction.") (internal quotation omitted). Plaintiff may tender a proposed limiting instruction on this matter, at or before start of trial.

At hearing, plaintiff amplified upon her argument that defendant did not have evidence that he would have fired plaintiff because of the summons, and therefore could not establish that the plaintiff "would have been terminated on those grounds alone," as stated in McKennon, 513 U.S. at 362-63. Plaintiff entered three exhibits into evidence purporting to establish mitigating

3

circumstances regarding the criminal summons.[4] Plaintiff's evidence essentially attacks the credibility of defendant's assertion that he would have terminated defendant, and the weight that should be granted to the evidence regarding the summons and the underlying dispute. Such issues of weight and credibility are for the jury. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge."). Plaintiff's motion in limine on this ground

is denied.

B.  Defendant's Motion In Limine

Defendant has moved to exclude evidence regarding the oaths of office of four sheriff's officers, along with evidence of civil and criminal judgments entered against these officers.[5] At hearing, the court granted the motion in part, as to some of these officers' convictions for speeding and operating a vehicle with no insurance. It took under advisement the remaining part of the motion, as to three of the officers' oaths of office and the following civil and criminal judgments:

---

[4] Defendant objected to one of these exhibits, plaintiff's exhibit 71, on the grounds that plaintiff had not previously provided the exhibit in discovery. However, the court overruled the objection when plaintiff explained that the substance of the letter had been covered during depositions.

[5] Although the motion refers to "convictions" that the officers received prior to joining the sheriff's office, defendant also seeks to exclude evidence regarding a judgment entered against one of the officers in a civil collection matter.

| Officer | Date Officer Appointed/ Took Oath | Pl.'s Exh. | Charge/ Event | Date of Charge/ Event | Disposed On | Result |
|---|---|---|---|---|---|---|
| Dawson, Lenora ("Dawson") | 12/6/2010 | 53 | Simple Worthless Check, $91.50 | 3/27/2005 | 9/21/2005 | Guilty |
| Hare, Hazel ("Hare") | 12/9/1996 | 48 | Simple Worthless Check, $251.25 | 2/10/1992 | 10/28/1992 | Guilty |
| Massengill, Karen ("Massengill") | 2/15/2012 | 45 | Default Judgment | 2/9/2010 | 5/21/2013 (Assignment Date) | Unsatisfied Judgment Assigned |
| Massengill | 2/15/2012 | 46 | Simple Worthless Check $73.76 | 10/8/1999 | 1/19/2000 | Guilty |

Plaintiff seeks to introduce this evidence to overcome defendant's asserted defense that plaintiff would not have been retained whether or not she had taken FMLA leave. Claims for FMLA "interference" arise under 29 U.S.C. § 2615(a)(1), which states that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." See Yashenko v. Harrah's N.C. Casino Co., LLC, 446 F.3d 541, 546 (4th Cir. 2006). The FMLA entitles an eligible employee to up to twelve (12) weeks of leave in a twelve (12) month period when the employee suffers from "a serious health condition that makes the employee unable to perform the functions of [her] position." 29 U.S.C. § 2612(a)(1)(D); Miller, 250 F.3d at 825. Section 2614 provides that

> any person who takes FMLA leave shall be entitled, on return from such leave—(A) to be restored by the employer to the position of employment held by the employee when the leave commenced; or (B) to be restored to an equivalent position with

equivalent employment benefits, pay, and other terms and conditions of employment. Yashenko, 446 F.3d at 547 (quoting 29 U.S.C. § 2614(a)(1)) (internal quotation marks omitted). However, as pertinent to the defense asserted here, "an employer can avoid liability under the FMLA if it can prove that it would not have retained an employee had the employee not been on FMLA leave." Id. (citation and internal quotation marks omitted).

Defendant asserts that he would not have retained plaintiff even if she had not been on FMLA leave, in part because he knew that a warrant for her misdemeanor worthless check "either would be or had been issued against her." (Def.'s Mem. Supp. Mot. in Limine, at 3 [DE 56]). He has also provided deposition testimony that the worthless check created "character things" that brought him to decide that he no longer wanted plaintiff to work at the sheriff's office. (Rollins Dep., at 21 [DE 69-2]). When used as impeachment or to overcome this asserted defense, plaintiff's evidence that several other detention officers in the sheriff's office were convicted of simple worthless check has a tendency to make it less probable that defendant actually considered plaintiff's worthless check to be misconduct worthy of termination. The evidence therefore passes the standard set by Rules 401 and 402. See Daubert, 509 U.S. at 587.

Chronological considerations make the evidence of the convictions especially relevant and probative. Plaintiff was terminated November 1, 2010. Her warrant for arrest for the worthless check issued December 15, 2010. Yet Dawson took her oath of office despite having a conviction for simple worthless check already in her record, a little over one month after plaintiff's termination, and before the warrant for plaintiff actually issued. Massengill was hired a little over a year and three months later, with the same conviction in her record. Hare's conviction, meanwhile, though occurring before defendant was elected sheriff in 2002, is nevertheless relevant by increasing the

6

number of employees who had records of worthless check convictions, and therefore making it less probable that such convictions were considered worthy of termination or as indications of "character."

The default judgment, like the criminal convictions, suggests on the face of it similar issues, where a money judgment entered in a civil action February 9, 2010, remained unsatisfied at least as of the assignment date, May 21, 2013. (DE 70-1). Thus, at the time she took an oath of office on February 15, 2012, Massengill had apparently failed to satisfy a money judgment for over two years. However, in assessing the probative value of this evidence relative to dangers described in Rule 403, the court is inclined to sustain objection as to admissibility of evidence concerning the civil judgment.

Defendant asserts that entering any of this evidence will create a "trial within a trial," confuse the issues and mislead the jury. However, at this juncture it does not appear that presenting evidence of the criminal convictions will create such problems. Defendant has not contested that these criminal judgments were entered against the officers. It was discussed at pretrial conference that the officers themselves are not listed as witnesses. Defendant urged that if the court is inclined to admit this evidence, it may be necessary for defendant to add the subject officers as witnesses.

The court will manage the presentation of evidence, through limiting instructions and otherwise, to minimize the risk of confusing the issues, wasting time, and other Rule 403 factors. United States v. Woods, 710 F.3d 195, 200 (4th Cir. 2013) ("District courts generally enjoy broad discretion . . . [in] maintaining reasonable control over the mode and order of examining witnesses and presenting evidence in order to promote the truth-seeking function of the trial, to avoid wasting time, and to protect witnesses from harassment.") (internal quotations and citation omitted).

Defendant may tender a proposed limiting instruction on this issue of entry into evidence matters pertaining to these three criminal convictions at or before start of trial.

The court in closing addresses defendant's citation of caselaw for the proposition that the officers must be "similarly situated in all 'relevant respects,'" including that they have "dealt with the same supervisor, [been] subject to the same standards and . . . engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." (Def.'s Mem. Supp. Mot. in Limine, at 5) (quoting Haywood v. Locke, 387 Fed. App'x 355, 359 (4th Cir. 2010); also citing Holtz v. Jefferson Smurfit Corp., 408 F. Supp. 2d 193, 207 (M.D.N.C. 2006)). Both cases cited, however, involved the use of "comparators" to support discrimination claims under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. §§ 1001 *et seq*.

"Interference" claims under the FMLA are separate from FMLA "discrimination" claims, which arise under 29 U.S.C. § 2615(a)(2) and differ in the elements required and defenses available.[6] Comparator evidence is "especially useful in discrimination cases," in part, because "[t]he very term 'discrimination' invokes the notion of treating two persons differently on the basis of a certain characteristic that only one possesses." Laing v. Fed. Express Corp., 703 F.3d 713, 719 (4th Cir. 2013). However, the evidence here is not sought to be offered as the court understands to show discrimination, that plaintiff was treated differently than these other officers on the basis of taking FMLA leave, but to impeach or overcome defendant's assertion that the worthless check charge

---

[6] See, e.g., Ainsworth v. Loudon Cnty. Sch. Bd., 851 F. Supp. 2d 963, 977 (E.D. Va. 2012) ("The interference claim merely requires proof that the employer denied the employee his entitlements under the FMLA, while the retaliation claim requires proof of retaliatory intent."); see also Yashenko, 446 F.3d at 546 (distinguishing "interference or entitlement claims" from "retaliation or discrimination claims").

8

raised a concern for "character" and would have led him to terminate plaintiff even if she had not been on FMLA leave. See Yashenko, 446 F.3d at 547. It is thus unnecessary to show that defendant is "similarly situated in all 'relevant respects'" to the other officers to offer the evidence for this purpose. The considerations that defendant has raised to distinguish these other officers from the plaintiff (e.g., plaintiff's previous record of misconduct, the fact that plaintiff committed her offense while employed, the status of default judgment as a civil matter rather than a criminal one, etc.), go to the weight of the evidence and are for a jury to consider. See Anderson, 477 U.S. at 255.[7]

Defendant also argues that plaintiff should be barred from presenting this evidence under Rules 404, 608 and 609. Rule 404 relates to evidence of a person's character or character trait in order to show that a person "acted in accordance with the character or trait." Fed. R. Evid. 404. Rule 608 relates to a "witness's character for truthfulness or untruthfulness." Fed. R. Evid. 608. Rule 609 relates to "attacking a witness's character for truthfulness by evidence of a criminal conviction." Fed. R. Evid. 609(a). However, the use for which plaintiff purports to offer this evidence does not concern any of these rules. The convictions are not being used to show character. Nor are they being used to attack the officers as witnesses, given that the officers are not being offered as witnesses.

---

[7] The court notes that the memorandum and recommendation ("M&R") regarding the motion for summary judgment relied on the standard for "comparator evidence" in the context of plaintiff's interference claim, to recommend that "the other employees cited by Plaintiff in support of her argument of inconsistent discipline are not sufficiently analogous." (DE 32 at 20 n. 1). However, it was not necessary to adopt that point of analysis in order to adopt the M&R's recommendation denying summary judgment on plaintiff's interference claim. See id. at 21; Elliot v. Rollins, No. 5:11-CV-693-FL, 2013 WL 5460193, at *1 (E.D.N.C. Sep. 30, 2013). Furthermore, the case the M&R relied on, Reed v. Md. Dep't of Human Res., No. ELH-12-472, 2013 WL 489985 (D. Md. Feb. 7, 2013), like Haywood and Holtz, used the comparator standard to consider a discrimination claim under a non-FMLA law, rather than one for FMLA interference. Reed, 2013 WL 489985, at *17. To the extent the court's prior order suggested adoption of that footnote, the court amends its ruling to clarify that it is not adopting that part of the M&R's analysis.

Finally, the court considers defendant's motion with respect to the oaths of office. The content of the oaths and the purpose for which plaintiff seeks to offer them into evidence is not entirely clear from the record, although the court notes that plaintiff took an oath to "support and maintain. . .the Constitution and laws of North Carolina . . . and . . . faithfully discharge the duties of [her] office as a jailer according to the best of [her] abilities, skills, and judgment." (Def.'s Mem. Supp. Mot. in Limine, at 2). It is reasonable to assume the officers' oaths consisted of similar language. Given that each offense occurred prior to the date the officers took office, evidence concerning the oaths these officers took regarding future conduct would not appear, without more, to be relevant to impeach or overcome the reasons defendant has given for terminating plaintiff. To the extent that plaintiff seeks to use the oaths for this purpose, as opposed to establishing the timing of the officers' employment, absent more at trial, defendant's motion is granted.

## CONCLUSION

In accordance with the foregoing, plaintiff's motion in limine (DE 50) taken under advisement at final pretrial conference is DENIED, and those portions of defendant's motion in limine (DE 55) taken under advisement are DENIED in part, and GRANTED in part, as set forth herein. Assuming the rules are appropriately applied to gain admissibility at trial of evidence of the criminal convictions, said evidence will be allowed, in accordance with this order. Absent more, evidence concerning the oaths of office taken as well as the civil money judgment will not be allowed at trial.

The parties are reminded that their proposed jury instructions are due May 12, 2014. Any party may choose to offer limiting instructions on any of the matters heard. The parties' amended

10

Case 5:11-cv-00693-FL   Document 77   Filed 05/06/14   Page 10 of 11

proposed pretrial order, due May 16, 2014, should reflect the matters discussed and decided herein as well as at the final pretrial conference.

SO ORDERED, this the 6th day of May, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge