IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-693-FL

| | |
|---|---|
| CLAUDIA D. ELLIOTT,<br><br>    Plaintiff,<br><br> v.<br><br>LARRY ROLLINS, Sheriff of Harnett County,<br><br>    Defendant. | ORDER |

This matter comes before the court on plaintiff's motion for a new trial (DE 110), together with defendant's motion for taxation of costs (DE 107) and plaintiff's motion to disallow same (DE 108).

BACKGROUND

Plaintiff's claim for interference with right to take leave under the Family and Medical Leave Act ("FMLA"), was heard at trial before a jury, which returned a verdict May 30, 2014, which concluded that plaintiff proved by a preponderance of the evidence that defendant denied her rights thereunder. However, the jury also found by a preponderance of the evidence that defendant would have fired his employee on November 1, 2010, even if plaintiff had never taken or attempted to take leave under the FMLA.

Thereafter plaintiff, then proceeding *pro se*, filed a motion for a new trial (DE 110) wherein she protests she was not given a fair trial. She pleads on general grounds that the jury's verdict was

in error and, more specifically, on grounds that perjured testimony was received at trial.

She relies on plaintiff's trial witness, Keith Blocker, a former employee of defendant, who contradicts assertions entered into the trial record that plaintiff did not demean herself appropriately while on duty and/or texted to other employees nude photographs. He asserts he never heard complaints about plaintiff from fellow officers. Blocker testifies in his affidavit that another female officer breached policies, was reported by him, but was not rebuked for, in that instance, watching male prisoners as they showered.

Plaintiff also relies on deposition testimony of defendant's employees, William Grady and Curtis Thompson, in furtherance of allegations that these individuals perjured themselves during trial. She refers also to a claim she has filed with the North Carolina Sheriff's Commission based on alleged perjured testimony of the officers.

In his motion to tax costs (DE 107), defendant moves pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and Local Civil Rule 54.1, EDNC, for an order allowing taxable costs against plaintiff in the total amount of $4,817.25. Defendant seeks to recover costs for transcripts totaling $3,153.90, for 15,919 pages of copied documents charged at $0.10 per page, together with witness fees in the amount of $71.45.

Plaintiff counters the motion, through her then attorney, in the form of a motion to disallow costs (DE 108), with detailed briefing in support thereof, offering a myriad of reasons grounded in law, plaintiff's circumstances, including inability to satisfy costs, and the fact in this case that the jury found plaintiff had been denied her FMLA rights, among other things. Plaintiff also protests the amount of costs claimed.

COURT'S DISCUSSION

Federal Rule of Civil Procedure 59(1)(A) provides that a court may grant a new trial following a jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." General protest that a trial was not fair because a plaintiff did not achieve the desired result, no matter how heartfelt, is insufficient grounds on which to grant a new trial.

A new trial is warranted based on a witness' perjury when: (1) the court is "reasonably well satisfied" that the testimony given by a material witness is false; (2) that without it, the jury may have reached a different conclusion; and (3) that the party seeking the new trial was "taken by surprise" when the false testimony was given, and was unable to address it or was not aware of its falsity until after the trial." United States v. Wallace, 528 F.2d 863, 866 (4th Cir. 1976); see also U.S. ex rel. Davis v. U.S. Training Ctr Inc., 498 F. App'x 308, 321 (4th Cir. 2012) (applying test in a civil context). Plaintiff has not satisfied this standard, for many of the reasons noted by defendant, and so the court DENIES her motion for a new trial.

As to the competing motions regarding costs, plaintiff's motion in this regard is, however, well taken. For reasons offered in her motion to disallow costs, the court DENIES defendant's motion and GRANTS plaintiff's corresponding one. Each side shall bear their own costs in this matter.

As a final remark, it concerned the court that so many Harnett County employees including those who had testified during trial on behalf of defendant were gathered again at the courthouse during closing arguments and while jury deliberations were ongoing, to show their interest and support from the courtroom gallery. While undoubtedly interested in and supportive of the defendant, the court would hope their presence was secured through vacation leave time. Otherwise,

these salaried employees, paid by and through tax revenue generated in the county, surely would have been better utilized had they been attending to their assigned duties in Harnett County on May 30, 2014.

## CONCLUSION

Having carefully considered the arguments of the parties, the court is compelled to DENY plaintiff's motion for a new trial (DE 110). The court GRANTS her motion to disallow costs (DE 108), thereby DENYING defendant's motion for taxation of costs (DE 107).

SO ORDERED, this the 15th day of August, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

4

Case 5:11-cv-00693-FL   Document 116   Filed 08/15/14   Page 4 of 4